# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:16-cv-791-MOC
# (3:14-cr-210-MOC-1)

| | | |
|---|---|---|
| CHUCKIE BEAVER, | ) | |
| Petitioner, | ) ) ) | |
| vs. | ) | ORDER |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Respondent. | ) ) ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), and on the Government's Motion to Dismiss, (Doc. No. 3).

## I. BACKGROUND

Pro se Petitioner Chuckie Beaver was the sole owner of Best Services, LLC, a business that repaired industrial electronic equipment. (Crim. Case No. 3:14cr-210-MOC-1, Doc. No. 21 at ¶ 9: PSR). From June 2012 to April 2014, Petitioner solicited friends, neighbors, and acquaintances to invest money in his company, claiming the company needed additional capital to buy materials to complete outstanding repair orders. (Id. at ¶ 10). He promised investors he would repay them principal, plus interest, within a specified period of time. (Id. at ¶¶ 12-13). However, rather than using investor money for his company, Petitioner used it for personal expenses and to pay off earlier investors. (Id. at ¶¶ 15-16). He defrauded over 30 people and admitted that investor losses totaled over $2 million. (Id. at ¶ 17).

1

Petitioner was charged in a one-count bill of information with engaging in securities fraud in violation of 15 U.S.C. § 78j(b), 78ff and 17 C.F.R. § 240.10b-5. (Id., Doc. No. 1: Information). He waived indictment and agreed to plead guilty to the charge. (Id., Doc. No. 2 at 6: Plea Agrmt.). As part of the plea agreement, Petitioner agreed that the amount of loss that was known or reasonably foreseeable to him was more than $1 million, but less than $2.5 million. (Id. at ¶ 7(a)). He also agreed to waive the right to challenge his conviction or sentence on appeal or in any post-conviction proceeding, except as to claims of ineffective assistance of counsel or prosecutorial misconduct. (Id. at ¶¶ 18-19). The Government agreed that Petitioner's plea was timely entered for purposes of the additional one-point reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(b). (Id. at ¶ 7(d)). After a hearing, where Petitioner affirmed his understanding of and agreement with the plea agreement and factual basis, this Court accepted Petitioner's plea as knowingly and voluntarily made. (Id., Doc. No. 7: Acceptance and Entry of Guilty Plea).

Petitioner was released on bond in November 2014. See (Id., Doc. No. 14). In May 2015, he was arrested and charged with violating the terms of his release. (Id.). The charges included committing new violations of law, based on Petitioner being charged with three counts of felony obtaining property by false pretenses and three counts of felony writing worthless checks; unlawful travel; failure to report a change in residence; and failure to report contact with a law enforcement officer. (Id.). Following a hearing, the magistrate judge revoked Petitioner's bond. See (Id., Docket Entry dated May 29, 2015).

A probation officer issued a presentence report (PSR), recommending that Petitioner be sentenced at a base offense level of seven, that a 16-level increase applied because the amount of loss was between $1 million and $2.5 million, and that an additional two-level increase applied

because more than ten victims were involved in the offense. (Id., Doc. No. 21 at ¶¶ 27-29). Based on Petitioner's arrest for the new violations of law, which involved conduct similar to the instant offense, the probation officer recommended that Petitioner receive no reduction for acceptance of responsibility. See (Id. at ¶ 34). Thus, Petitioner's total offense level was 25. (Id. at ¶ 35). Petitioner's criminal history category was I, resulting in a guideline range of 57 to 71 months of imprisonment. (Id. at ¶¶ 49, 78). The probation officer applied the 2014 Guidelines Manual. (Id. at ¶ 26).

Petitioner objected to the PSR, arguing that he should receive a reduction for acceptance of responsibility because he was innocent of the new charges brought against him and because he had accepted responsibility for the present charge and had waived indictment. (Id., Doc. No. 20 at 2-3). He also asserted that he would move the Court for a departure or variance based on future changes to U.S.S.G. § 2B1.1 (setting the enhancement levels based on the amount of loss). (Id. at 3). At sentencing, Petitioner withdrew his objection to receiving no reduction for acceptance of responsibility, and the parties jointly recommended a 57-month sentence. See (Id., Doc. No. 27: Statement of Reasons).

On October 27, 2015, this Court sentenced Petitioner to 57 months of imprisonment. (Id., Doc. No. 26: Judgment). Judgment was entered on November 2, 2015.[1] (Id.). Petitioner did not appeal, but he timely placed the pending motion to vacate in the prison system for mailing on November 9, 2016, and it was stamp-filed in this Court on November 15, 2016. As his sole claim, Petitioner contends that his attorney provided ineffective assistance of counsel by not attempting to delay his sentencing until amendments to the United States Sentencing

---

[1] The judgment was amended on March 21, 2016, for the sole purpose of setting restitution in the amount of $1,282,612.00. (Id., Doc. No. 33: Amended Judgment).

3

Guidelines took effect. The Government filed a motion to dismiss on January 19, 2017. (Doc. No. 3). On January 24, 2017, the Court entered an order notifying Petitioner of his right to respond to the motion to dismiss. (Doc. No. 4). Petitioner has not responded to the motion to dismiss, and the time to do so has passed. This matter is therefore ripe for disposition.

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. CONST. amend. VI. To show ineffective assistance of counsel, Petitioner must first establish a deficient performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In making this determination, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also United States v. Luck, 611 F.3d 183, 186 (4th Cir. 2010). Furthermore, in considering the prejudice prong of the analysis, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). Under these circumstances, the petitioner "bears the burden of

4

affirmatively proving prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008). If the petitioner fails to meet this burden, a "reviewing court need not even consider the performance prong." United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), opinion vacated on other grounds, 218 F.3d 310 (4th Cir. 2000). To establish ineffective assistance of counsel at sentencing, a petitioner must show that but for counsel's deficient performance, there is a reasonable probability that he would have received a lower sentence. See Royal v. Taylor, 188 F.3d 239, 249 (4th Cir. 1999).

In support of his ineffective assistance of counsel claim, Petitioner argues that his attorney provided ineffective assistance because he did not file a motion to delay Petitioner's sentencing so his sentence could be calculated under the amendments to the Sentencing Guidelines. (Doc. No. 1 at 4). He asserts that he would have received a lower sentence under the amended Guidelines. (Id.). Petitioner's argument will be dismissed, as it is wholly conclusory. See United States v. Dyess, 730 F.3d 354, 359-60 (4th Cir. 2013) (holding it was proper to dismiss § 2255 claims based on vague and conclusory allegations). That is, Petitioner does not identify any amendments to the Guidelines, he does not explain how any amendments would have lowered his sentence, he has not made any showing that the Government or this Court would have consented to a delay in sentencing, and he has not shown that he had any right to be sentenced under the forthcoming amendments.[2] Accordingly, he has not met his burden to establish deficient performance and prejudice. See Strickland, 466 U.S. at 687-88, 694.

Even if Petitioner's claim were not conclusory, he still could not show deficient performance where counsel's sentencing memorandum informed the Court that there were

---

[2] Petitioner stated in his motion to vacate that he intended to file a supporting memorandum, but he did not do so.

upcoming changes to § 2B1.1 and that he would seek a departure or variance based on these changes.  See (Crim. Case No. 3:14cr-210-MOC-1, Doc. No. 20 at 3).  Additionally, the amendments to § 2B1.1 that became effective on November 1, 2015, would not have changed the applicable guideline range.  Under the 2015 amendment, losses between $1.5 million and $3.5 million are assigned a 16-level enhancement.  See U.S.S.G. § 2B1.1 (2015).  Petitioner agreed as part of his factual basis that he was responsible for losses exceeding $2 million.  (Crim. Case No. 3:14cr-210-MOC-1, Doc. Nos. 3, 7).  Therefore, even under the 2015 Guidelines, he still would have been subject to a 16-level enhancement.  Accordingly, he can show neither deficient performance nor prejudice where his guideline range would not have changed.  Because Petitioner's claim is conclusory and without merit, his motion to vacate will be denied and dismissed.

### IV. CONCLUSION

For the foregoing reasons, the Court denies and dismisses Petitioner's § 2255 petition.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DENIED** and **DISMISSED**.  To this extent, the Government's Motion to Dismiss, (Doc. No. 3), is **GRANTED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability.  See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473,

484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: February 22, 2017

Max O. Cogburn Jr
United States District Judge